## Congleton v. Hamilton.

(Decided December 18, 1928.)

GEORGE W. VAUGHN and RICE & RICE for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

About the 1st of April, 1921, W. T. Congleton and J. M. Hamilton formed a partnership for the purpose of conducting a retail grocery in the city of Lexington. Congleton furnished the capital, and Hamilton, an experienced salesman, seems to have conducted the business, though Congleton also worked in the store. Congle-

ton claims that each was to receive $20 per week for his services, and that they were to share equally in the profits and losses; while it is Hamilton's contention that Congleton was to furnish the capital, and he was to work for $20 per week and one-half of the profits, without being liable for any part of the losses, and Congleton was not to receive any compensation for labor. The business proved a losing venture, and was sold at the end of three months. Congleton had invested $3,561.66, and the business was sold for $3,142.56. It owed $1,622.64, leaving a balance of $1,519.92, which was credited to Congleton's debt. Thereupon Congleton filed suit against Hamilton for a settlement of the partnership account and to recover one-half of the net loss.

Issues were formed, and the case referred to the master commissioner, who found the contract to be as claimed by Congleton, and that Hamilton owed him $941.41; his itemized report allowing some of the claims of each party. Numerous exceptions were filed to the report by Hamilton, two of which were sustained by the court, and the aggregate of these, $338.66, deducted from the amount allowed Congleton by the commissioner, and judgment rendered therefor, the report being otherwise confirmed. On this motion for an appeal only the two items mentioned are called in question. The first of these is the sum of $280 which Congleton had collected for fourteen weeks' service at $20 per week. The commissioner found this to be correct, and therefore made no reference to this item in his tabulation. The court found for Hamilton on this item, and credited the judgment against him by the full amount $280. It is admitted by both parties that Hamilton was to be paid for his services, and Congleton testifies that he also was to be paid. Hamilton denies this positively. It appears that the parties employed a meat cutter, and it is shown that the business did not require the services of three persons, and, in view of the fact that Hamilton, an experienced salesman was employed to, and did take charge of the store, and had all the assistance necessary, we are not inclined to disturb the chancellor's finding of fact on this point. But he erred in crediting the commissioner's finding against Hamilton by the full amount thus found. It should have been charged to Congleton and credited to the firm in the first instance, and thereby the firm loss would have been decreased by $280. As this was not done, the same re-

sult will be reached by crediting the commissioner's finding against Hamilton by $140.

█ It appears that there was a small amount of uncollected and uncollectible accounts due the firm, aggregating $116. The commissioner treated these as worthless assets, and disregarded them. But the court deducted one-half of the total $58 from· Congleton's recovery. This was error. The court evidently proceeded on the idea that the accounts are now in Congleton's hands, and that he should be charged with their face value by deducting one-half of this value from what Hamilton owed him; but, as it is clearly shown that they are uncollectible, Congleton should not be charged with them, though, if it is thought they are of any value, they might be sold, and one-half of the proceeds credited on Hamilton's indebtedness.

Wherefore the motion for an appeal is granted, and the judgment reversed, with instructions to enter judgment in favor of plaintiff for the sum of $743.41, and for further proceedings in conformity with this opinion.